UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 22-10325-FDS |
| ) | |
| DAVID MUISE, a/k/a "Pinky," ) | |
| Defendant. ) | |

## ORDER OF FORFEITURE (MONEY JUDGMENT)

**SAYLOR, C.J.**

WHEREAS, on July 26, 2024, the United States Attorney for the District of Massachusetts filed a two count Superseding Information, charging defendant David Muise, a/k/a "Pinky" (the "Defendant'), with Conspiracy to Distribute and to Possess with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 846 (Count One); and Bank Fraud, in violation of 18 U.S.C. § 1344 (Count Two);

WHEREAS, the Superseding Information included a Drug Forfeiture Allegation, pursuant to 21 U.S.C. § 853, which provided notice that the United States would seek forfeiture, upon conviction of the Defendant of the offense set forth in Count One of the Superseding Information, of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense;

WHEREAS, the property to be forfeited included, but was not limited to, the following:

a. $3,475.00 in U.S. Currency, seized on October 25, 2022, from the residence of DAVID MUISE, a/k/a "Pinky" (the "$3,475.00 in U.S. Currency");[1] and

---

[1] The $3,475.00 in U.S. Currency was administratively forfeited by the United States Drug Enforcement Administration and is no longer available for forfeiture in the instant criminal case. *See* Docket No. 705.

    b.    Assorted Jewelry, seized on October 25, 2022, from the residence of DAVID MUISE, a/k/a "Pinky" (the "Assorted Jewelry");[2]

WHEREAS, the Superseding Information also included a Bank Fraud Forfeiture Allegation, pursuant to 18 U.S.C. § 982(a)(2)(A), which provided notice that the United States would seek forfeiture, upon conviction of the Defendant of the offense set forth in Count Two of the Superseding Information, of any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of such offense;

WHEREAS, the property to be forfeited included, but was not limited to, the following:

    a.    $37,733.98 in U.S. Currency, seized on November 8, 2022, from TD Bank checking account ******7803 (the "$37,733.98 in U.S. Currency");[3] and

    b.    $56,471.02 in U.S. Currency, to be entered in the form of a forfeiture money Judgment;

WHEREAS, the Forfeiture Allegations of the Superseding Information also provided notice that, in the event that any property subject to forfeiture, as a result of any act or omission of the Defendant, (a) cannot be located upon the exercise of due diligence, (b) has been transferred or sold to, or deposited with, a third party, (c) has been placed beyond the jurisdiction of the Court, (d) has been substantially diminished in value, or (e) has been commingled with other property which cannot be divided without difficulty, it is the intention of the United States, pursuant to 21 U.S.C. § 853(p), and 18 U.S.C. § 982(b) incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of the Defendant, up to the value of the property described above;

---

[2] The Assorted Jewelry was administratively forfeited by the United States Drug Enforcement Administration and is no longer available for forfeiture in the instant criminal case. See Docket No. 705.

[3] The $37,733.98 in U.S. Currency was administratively forfeited by the United States Drug Enforcement Administration and is no longer available for forfeiture in the instant criminal case. See Docket No. 787.

WHEREAS, on July 31, 2024, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant waived the Indictment and pled guilty to Counts One and Two of the Superseding Information, pursuant to a written plea agreement signed by the Defendant on May 20, 2024;

WHEREAS, in Section 6 of the written plea agreement, the Defendant agreed that the Court will, upon acceptance of the Defendant's guilty plea, enter an order of forfeiture as part of the Defendant's sentence, and that the order of forfeiture may include assets directly traceable to the Defendant's offenses, assets used to facilitate the Defendant's offenses, substitute assets, and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offenses;

WHEREAS, the assets to be forfeited specifically included, without limitation, the $3,475.00 in U.S. Currency, the Assorted Jewelry, the $37,733.98 in U.S. Currency, and $56,471.02 in United States currency, to be entered in the form of an Order of Forfeiture (Money Judgment);

WHEREAS, the Defendant admitted that the $56,471.02 forfeiture money judgment is subject to forfeiture on the grounds that it is equal to the amount of proceeds the Defendant derived from the offense in Count Two of the Superseding Information;

WHEREAS, the Defendant acknowledged and agreed that the $56,471.02 forfeiture money judgment represents proceeds the Defendant obtained (directly or indirectly), and/or facilitating property, and/or property involved in, the crimes to which Defendant is pleading guilty, and the Defendant consented to the entry of an order of forfeiture in the form of a personal money judgment against him in the amount of $56,471.02 in U.S. currency;

WHEREAS, based on the Defendant's admissions in the written plea agreement and his

guilty plea on July 31, 2024, the United States is entitled to an Order of Forfeiture (Money Judgment) consisting of a personal money judgment against the Defendant, in the amount of $56,471.02, pursuant to 18 U.S.C. § 982(a)(2)(A), as $56,471.02 is equal to the amount of money involved in the Defendant's offense, in violation of 18 U.S.C. § 1344; and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment," and Rule 32.2(4)(A), based on the Defendant's consent, provides that this Order becomes final upon entry.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The Defendant shall forfeit to the United States the sum of $56,471.02, pursuant to 18 U.S.C. § 982(a)(2)(A).

2. This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

3. The United States may, at any time, move, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to include substitute property having a value not to exceed the amount set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

4. The United States may, at any time, conduct, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), any discovery to identify, locate or dispose of forfeitable property or substitute assets, including, but not limited to, depositions and requests for documents, electronically stored information, and tangible things.

5. Pursuant to Rule 32.2(b)(4), this Order shall be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and in the criminal judgment entered by this Court against the Defendant.

/s/ F. Dennis Saylor, IV
F. DENNIS SAYLOR, IV
Chief United States District Judge

Date: 9/11/2025



Certified to be a true and correct copy of the original
Robert M. Farrell, Clerk
U.S. District Court
District of Massachusetts

By: *Melonie Cooke*
Deputy Clerk

Date: 9/11/2025